Pío Pérez, Appellant, *v.* The Registrar of Property of Aguadilla, Respondent.

No. O-67-239.     Decided December 5, 1967.

*Calixto Calero Juarbe* and *Sonia M. Del Valle Rivera* for appellant. The registrar appeared by brief.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

### JUDGMENT

The Superior Court, Aguadilla Part, declared established the ownership of a small property of thirty-seven and a half hundredths of a cuerda in favor of appellant Pío Pérez, upon which the latter has constituted his homestead. In the decision to that effect reference is made to the fact that petitioner acquired the property in 1940 by purchase from Eladio Cruz, single, by a private document, and it is stated therein that:

". . . after the dominion title proceeding was admitted the case was prosecuted under the provisions of the Mortgage Law and. its Regulations and in an order entered to that effect . . . a summons was issued which was served by Francisco Acevedo Santiago . . . according to sworn statement . . . thereby serving summons personally upon Manuela Alameda Gutiérrez, Eladio Cruz' wife, who told him that Eladio Cruz, her husband, died in Isabela, Puerto Rico, on July 22, 1963, it being known by way of information received by the summoner that the deceased left fifteen children named Severiano, deceased, *it being unknown* whether he left any heirs and *their whereabouts,* Concepción, Pablo, Martina, Perfecta, Rosalía, Juan Ramón, María Luisa, Carmen María, Armina, Ernesto, Angelina, Teresa, Lucila, and Alicia surnamed Cruz Alameda; Manuela told the summoner that she did not know the whereabouts of said heirs and he received identical information from the neighbors, teachers, and the ward commissary (*comisario de barrio*) *their whereabouts are unknown,* service of summons being made upon the heirs by means of edicts . . . published in the newspaper El Día . . . and upon the unknown persons, their heirs and successors in interest, respectively, who might be aggrieved by the record applied for . . . ." (Italics ours.)

The Planning Board informed that its intervention was unnecessary; the Department of Public Works did not make objections to the petition; the District Attorney rendered a favorable decision.

Subsequent to the presentation for record of the certified copy of the decision, there was attached a sworn statement of Manuela Alameda Gutiérrez, Eladio Cruz' widow, where she stated that all of her fifteen children had been born prior to 1940, that all of them are of age, married, "others have died leaving no heirs, and are living outside of Puerto Rico," and that none of her children lives with her.

The Registrar of Property of Aguadilla denied the record by entering a note which in its pertinent part reads:

". . . I notice that from the document it appears that petitioner acquired the property in the year 1940 by purchase from

Eladio Cruz, single, therefore, it being proper to notify said gentleman personally since he is the immediate former owner, and it being stated in the document that the aforementioned Eladio Cruz died in the year 1963 leaving 15 children, it appears, according to the preceding dates, that several of them are minors; notwithstanding that Manuela Alameda, the mother of said 15 children and the wife of the deceased, as indicated in said decision, informed that she does not know the whereabouts of each and every one of them, a sworn statement given by Manuela Alameda Gutiérrez having been presented on a date quite subsequent to the presentation of the dominion title proceeding explaining why, in said case, summons could not be served personally upon her fifteen children, but since the document is not recordable, because it is not a public document, as it would have been the case if a NUNC PRO TUNC entry containing the explanation of the deponent had been attached, I hereby DENY . . . ."

In the brief presented in support of the note of refusal the respondent-registrar insists that "if the former owner was single in 1940 and died in 1963 leaving 15 children, it is clearly inferred that there are among them minors of very tender age; and yet, it appears from the decision that the summoner was informed that one of them died and that it is unknown whether he left heirs; and of the others, Mrs. Alameda, the mother of said 15 children, does not know their whereabouts." He concludes therefrom that the heirs of the immediate former owner were not summoned pursuant to the law and, therefore, the court lacked jurisdiction. He also alleges that the decision does not affirmatively express that the facts which gave rise to the summons by edicts were verified "to the satisfaction of the court," citing to that effect Rule 4.5 of the Rules of Civil Procedure.

Article 395 of the Mortgage Law, as amended, 30 L.P.R.A. § 737, provides, in its paragraph 2, that after the presentation of the statement on the dominion title proceeding the court "*shall cite*" the person from whom the property was acquired or his predecessor in interest, if known, by means

of edicts. "If the persons to be cited should be absent from Puerto Rico and their whereabouts is known, they shall be summoned through edicts . . . and at the time of the first publication of the edict, a copy thereof shall be sent to them by registered mail to their known address. *If their whereabouts is unknown they shall be summoned through edicts* published as prescribed in the first paragraph of this subdivision." (Italics ours.) As we said in *Ex parte Rosario*, 75 P.R.R. 656, 665 (1953), ". . . the summons be served personally upon the former owner, or his successors in interest, as the case may be; if they are known, or when their existence and domicile are known and they are within Puerto Rico. [citations] *Service of summons by publication on the unknown former owner or his assigns is sufficient* [citations] . . . ."[1] (Italics ours.) More recently, in *Morales Morales* v. *Registrar*, 89 P.R.R. 793 (1964), we affirmed that from the decision establishing the ownership it must appear that the former owners were personally summoned, or in default thereof, the facts on which their citation by edicts is based, that is, that their existence and whereabouts are unknown or that they are away from Puerto Rico.

█ From the document presented to determine its legality[2] it clearly appears that the existence and whereabouts of some of the successors—the children of Severiano Cruz

---

[1] In the case at bar which deals with a property declared tax-exempt for being the homestead of petitioner, summons by the publication of edicts was not indispensable. Such a requirement could be dispensed with and summons could be ordered as required in paragraph 4 of subsection 2, *supra*, that is, by the posting of the corresponding edicts in conspicuous places of four public buildings—the Superior Court's part where the case was filed, the City Hall, and the District Court or Peace Court corresponding to the municipality within which the property is located, and the public school of the municipal *barrio*.

[2] Respondent is right in not giving consideration to the sworn statement which was subsequently presented. See, *Clavell Rodríguez* v. *Registrar*, 95 P.R.R. 337 (1967) and *Pereira* v. *Registrar of Caguas*, 28 P.R.R. 31 (1920).

Alameda—and the whereabouts of the remaining heirs Cruz-Alameda are unknown, and that for that reason they were summoned by the publication of edicts. This is all the law requires. Respondent's speculation on the existence of minor children cannot prevent the recording.[3] Even if it were so, the provisions of the law would have been, anyway, complied with. In case it were necessary, it also appears that the widow, mother of the aforementioned children, was summoned.

■ As to the other objection raised in respondent's brief, but not in the note of refusal, it suffices to say that the summons required in Art. 395 *supra*, is not a summons, properly speaking. Construing a similar provision—the summoning of adjoining owners in the possessory title proceeding—we decided in *Echevarría* v. *Registrar of Guayama*, 27 P.R.R. 246 (1919), that the object of such summons is not to acquire jurisdiction over the persons summoned, but to comply with a statute. Likewise may be said in the present case.

The note of refusal dated June 23, 1967, is reversed.

It was so decreed and ordered by this Court as witnesses the signature of the Chief Justice.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I attest:
(s) JOAQUÍN BERRÍOS
*Clerk*

---

[3] From the facts it may be inferred also that the children were born before the marriage was performed and were legitimized by the subsequent marriage.